INTRODUCTION

Your affiant, Lorena Jimenez, being duly sworn, deposes and states the following:

1. I am a citizen of the United States, residing in Puerto Rico.

2. I am a Special Agent employed by the Drug Enforcement Administration (DEA). I have been so employed since June 2018.

3. Based on my training and experience as a Special Agent with DEA, I have conducted investigations concerning violations of Title 21, *United States Code*, which among other things prohibit the production, transportation, importation, distribution and possession of illegal drugs, including cocaine, and violations of Title 46, *United States Code*, Section 70503 (the Maritime Drug Law Enforcement Act), which prohibits drug trafficking on the high seas, including the possession with intent to distribute cocaine on vessels subject to the jurisdiction of the United States, as well as conspiracies to commit those acts. Through these investigations, I have become familiar with the means and methods narcotics traffickers use to transport, import and distribute illicit drugs, as well as, the support and assistance that narcotics organizations require to conduct their illegal activities.

4. Since November 2019, I have been assigned as a Special Agent to the Caribbean Corridor Strike Force. The Caribbean Corridor Strike Force is a federally approved Organized Crime Drug Enforcement Task Force (OCDETF) investigative team comprised of the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), the United States Coast Guard (USCG) and state and local law enforcement agencies. Investigations initiated by the Caribbean Corridor Strike Force are prosecuted in the District of Puerto Rico. Among other things, Special Agents assigned to the Caribbean Corridor Strike Force currently investigate cocaine smuggling

organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea via maritime means.

5. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

    (A)    Akinde Thomas CHALWELL (British Virginia Island National),

    (B)    Jerome NIBBS (British Virginia Island National),

    (C)    Jose ACOSTA (Venezuela National),

who knowingly and willfully conspired to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, *United States Code*, Sections 70503(a)(1), 70506(a) and 70506(b).

6. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

FACTS OF THE CASE SUPPORTING PROBABLE CAUSE

7. On June 16, 2022, the United States Coast Guard (USCG) detected a maritime target of interest in the high seas at approximately 25 Nautical Miles (NM) from Saint Thomas, U.S. Virgin Islands.

8. The target of interest, hereinafter referred to as the target vessel, was described as a southbound center console style go-fast vessel, equipped with two outboard engines, with no navigation lights energized, three- persons on board, visible packages on deck, displaying

no indicia of nationality and reasonably suspected of drug smuggling in international waters. USCG District 7 (D7) assumed tactical control of Coast Guard Cutter (CGC) HERIBERTO HERNANDEZ and diverted the cutter for intercept. CGC HERIBERTO HERNANDEZ arrived on scene and reported the vessel was initially non-compliant. USCG D7 granted a Statement of No Objection (SNO) for a Right of Visit (ROV) boarding on a profile go-fast vessel with no indicia of nationality, reasonably suspected of drug smuggling in international waters.

9. During the pursuit CGC HERIBERTO HERNANDEZ launched their assets with a boarding team for intercept. USCG personnel observed the non-compliant target vessel jettison approximately 30 packages in position 18-47.14N 065-04.34W, become dead in the water and compliant. The CGC boarding team board and gained positive control of the target vessel.

10. The boarding team passed an updated count of three (3) persons on board (POB), who were later identified as Akinde Thomas CHALWELL, Jerome NIBBS, and Jose ACOSTA. The master of the vessel was identified as Akinde Thomas CHALWELL – who made verbal claim of British Virgin Islands (BVI) nationality for himself and the vessel. As a result, D7 granted a SNO to enact the United States/United Kingdom Overseas Territories (US/UKOT) bilateral agreement with D7 legal concurrence and commenced forms exchange. D7 reported that UKOT confirmed registry of the vessel (MANTA 33) and granted authority to board and search the vessel. Subsequently, UK government waived for purposes of prosecution to the United States jurisdiction over the vessel, cargo and crewmembers.

11. The boarding team recovered three (3) out of the thirty (30) jettisoned packages consistent in size, shape and wrapping with bales of narcotics from the water. The boarding

team conducted two Narcotics Identification Kit (NIK) testing of the recovered packages, which yielded positive results for cocaine. The at-sea weight of the packages was approximately 90 kilograms. D7 granted permission to treat the three (3) individuals as detainees. All three detainees were subsequently brought to the District of Puerto Rico .

12.     In summary, the aforementioned stateless go-fast vessel (GFV) fits the profile of a smuggling vessel favorable for drug smuggling operations. The total amount of cocaine seized on the GFV was approximately 90 kilograms (at-sea weight). In my experience, drugs of this quantity and value are intended for largescale distribution.  Furthermore, in my experience, drug smugglers would not allow an unknowing outsider onboard a vessel filled with so much contraband of such high value.

[remainder of page left intentionally blank]

13. In this case, given the probable length of the voyage, the size of the contraband shipment, the necessarily close relationship between crew on a vessel of this size and type and the obviousness of the contraband, there is probable cause to believe that the three (3) individuals knowingly and intentionally, conspire to possess, and possessed with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction to the United States pursuant to Title 46, *United States Code,* Section 70502(c), in violation of Title 46, *United States Code,* Sections 70503(a)(1), (a)(2) and 70506(a) and (b), as described herein.

Affiant declares under penalty of perjury that the foregoing is true and correct.

LORENA JIMENEZ
Digitally signed by LORENA JIMENEZ
Date: 2024.02.26 22:08:57 -04'00'

Lorena Jimenez
Special Agent
Drug Enforcement Administration

Sworn to me by phone in accordance with
Fed. R. Crim. P. 4.1 this 26th day of February 2024, at 11:17 PM.

Hon. Marcos E. López
United States Magistrate Judge