RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2024 FEB 28 PM 5:00

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] AKINDE THOMAS CHALWELL,<br>[2] JEROME NIBBS, and<br>[3] JOSE ACOSTA,<br><br>Defendants. | INDICTMENT<br><br>CRIMINAL NO. 24-72 (MAJ)<br>VIOLATIONS:<br><br>46 U.S.C. §§ 70503(a)(1), 70503(a)(2), and 70506(b)<br><br><br>(THREE COUNTS & FORFEITURE ALLEGATION) |

THE GRAND JURY CHARGES:

## COUNT ONE
### Conspiracy to Possess with Intent to Distribute Cocaine Aboard a Vessel Subject to the Jurisdiction of the United States
### 46 U.S.C. §§ 70503(a)(1) & 70506(b) and 21 U.S.C. § 960(b)(1)(B)

Beginning on a date unknown, but not later than June 16, 2022, and continuing up to and until the return of this Indictment, on the high seas, elsewhere, and within the extraterritorial jurisdiction of this Court,

[1] AKINDE THOMAS CHALWELL,
[2] JEROME NIBBS, and
[3] JOSE ACOSTA,

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons, known and unknown to the Grand Jury, to commit an offense defined in 46 U.S.C. § 70503, that is: to possess with intent to distribute and to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled

Substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. §§ 70503(a)(1) & 70506(b), and 21 U.S.C. § 960(b)(1)(B).

**COUNT TWO**
**Possession with Intent to Distribute Cocaine**
**Aboard a Vessel Subject to the Jurisdiction of the United States**
46 U.S.C. § 70503(a)(1) and 21 U.S.C. § 960(b)(1)(B)

On or about June 16, 2022, in the high seas, elsewhere, and within the extraterritorial jurisdiction of this Court,

**[1] AKINDE THOMAS CHALWELL,**
**[2] JEROME NIBBS, and**
**[3] JOSE ACOSTA,**

the defendants herein, aiding and abetting each other and other persons, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute and distributed five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. § 70503(a)(1) and 21 U.S.C. § 960(b)(1)(B).

**COUNT THREE**
**Jettisoning Property Subject to Forfeiture Under 21 U.S.C. §881(a) from a Vessel**
**Subject to the Jurisdiction of the United States, Aiding and Abetting**
46 U.S.C. § 70503(a)(2) and 18 § U.S.C. 2

On or about June 16, 2022, on the high seas, elsewhere, and within the extraterritorial jurisdiction of this Court,

**[1] AKINDE THOMAS CHALWELL,**
**[2] JEROME NIBBS, and**
**[3] JOSE ACOSTA,**

the defendants herein, did knowingly and intentionally aid and abet each other to commit an offense defined in 46 U.S.C. § 70503, that is: jettison narcotics subject to forfeiture under 21 U.S.C. § 881(a), from a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. § 70503(a)(2) and 18 U.S.C. § 2.

## MARITIME DRUG LAW ENFORCEMENT FORFEITURE ALLEGATION
## 46 U.S.C. § 70507

1. The allegations in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 46 U.S.C. § 70507.

2. The United States gives notice to the Defendant charged in Counts One through Three of this Indictment that pursuant to 46 U.S.C. § 70507, upon conviction of those offenses alleged in those Counts, any property described in 21 U.S.C. § 881(a), that is used or intended for use to commit, or to facilitate the commission of, those offenses is subject to forfeiture.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. §§ 853(p) and 970.

| | |
|---|---|
| W. Stephen Muldrow<br>United States Attorney | TRUE BILL |
| *(signed) for*<br>Max Pérez-Bouret<br>Assistant United States Attorney, Chief<br>Transnational Organized Crime Section | ~~FOREPERSON~~ (redacted)<br>Date: 2/28/2024 |
| *(signed)*<br>María L. Montañez-Concepción<br>Assistant U.S. Attorney, Deputy Chief<br>Transnational Organized Crime Section | |
| *(signed)*<br>Helena B. Daniel<br>Special Assistant United States Attorney | |

4