## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff*, **v.** **AKINDE THOMAS CHALWELL,** *et al.*, *Defendants*. | Criminal No. 24-cr-00072 (MAJ) |

### OPINION AND ORDER

### I.    INTRODUCTION

Before the Court is a Second Motion to Dismiss the Indictment filed by Jerome Nibbs, José Acosta, and Akinde Thomas Chalwell (collectively, "Defendants") (**ECF No. 75**). The Indictment arises from maritime drug trafficking allegations, purportedly taking place on the "high seas" roughly 25 miles off the coast of Saint Thomas, U.S. Virgin Islands. (**ECF No. 1 at 2**).[1]

Defendants contend that the Maritime Drug Law Enforcement Act ("MDLEA"), as applied, "exceeds Congress' authority under the Foreign Commerce Clause," U.S. Const. Art. I, § 8, cl. 3, and that its application "is not a valid exercise of Congress' authority under the Necessary and Proper Clause," U.S. Const. Art. I, § 8, cl. 18. (**ECF No. 75 at 1-2**).[2] They assert that their conduct occurred within "the territorial waters of a foreign country, by foreign nationals on board a foreign registered vessel." *Id*. at 2. Consequently,

---

[1]    Defendants face three criminal charges in relation to the Maritime Drug Law Enforcement Act. These include (a) Possession with Intent to Distribute Cocaine Aboard a Vessel Subject to U.S. Jurisdiction, (b) Conspiracy to Possess with Intent to Distribute Cocaine Aboard a Vessel Subject to U.S. Jurisdiction, and (c) Jettisoning Narcotics Subject to Forfeiture under 21 U.S.C. 881. *See* 46 U.S.C. §§ 70503(a), 70506(b), 21 U.S.C. §§ 960(b)(l)(B), 881 and 18 § U.S.C. 2. (**ECF No. 11**).

[2]    Defendants Akinde Thomas Chalwell and Jose Acosta filed Motions for Joinder to the arguments presented in the Motion to Dismiss. (**ECF Nos. 75, 77, 81**).

Crim. No. 24-cr-0072 (MAJ)                                                                    Page 2

Defendants request that the Court dismiss the Indictment on the grounds that the

MDLEA is not a valid exercise of congressional authority as applied to their case. [3] *Id*. at

5.[4]

For the reasons elaborated herein, and mindful of the Court's obligation to

consider only undisputed facts at this stage, the Court **DENIES** Defendants' Motion to

Dismiss. (**ECF No. 75**). The Motion's reliance on factual assertions that conflict with the

Indictment's allegations presents issues better suited for jury determination at trial,

rather than pre-trial adjudication.

## II.    DISCUSSION

Having already charted the procedural and factual waters of this case in the Court's

Opinion and Order issued June 7, 2024, (**ECF No. 69**) (hereinafter "June 7 Opinion"),

the Court finds itself once again navigating a constitutional challenge based on disputed

factual allegations, reminiscent of Defendants' previous motion in *United States v.*

*Chalwell. See United States v. Chalwell*, 22-cr-0340, 2023 WL 6346107, at *2 (D.P.R.

Sept. 29, 2023).

---

[3]      Defendants argue their case parallels *United States v. Dávila-Mendoza*, 972 F.3d 1264 (11th Cir. 2020). (**ECF No. 75 at 3**). They seek dismissal, claiming the MDLEA "is not a valid exercise of Congress's authority under the Necessary and Proper Clause to effectuate the . . . Illicit Traffic Treaty or the *Jamaica* Bilateral Agreement." *Id*. at 5 (emphasis added). Defendants have seemingly applied *Dávila-Mendoza*'s conclusion word-for-word to their motions (**ECF Nos. 75 at 5; 77 at 1**), despite that case involving the "Jamaica Bilateral Agreement," while this case concerns the U.S.-U.K. Bilateral Agreement (**ECF No. 1-1 at 3**).
[4]      While Defendants label their Motion to Dismiss as an "as applied" challenge, merely targeting the statute's application does not automatically transform it into a true as-applied challenge. *See United States v. Dávila-Reyes*, 84 F.4th 400, 478 (1st Cir. 2023), *cert. denied*, 23-6910, 2024 WL 2883779 (U.S. June 10, 2024) (internal citation omitted) ("[t]he mere fact that a cognizable legal challenge by necessity concerns the application of a statute to individuals does not transform a facial challenge into an as-applied challenge.") To succeed on a facial challenge to the MDLEA, Defendants would need to establish "that no set of circumstances exists under which the Act would be valid." *United States v. Reid-Vargas*, 14-cr-0747, 2015 WL 2092925, at *2 (D.P.R. May 6, 2015). Defendants make no effort to do so. Nonetheless, even if treated as an as-applied challenge, it would not suffice to grant the relief sought, as explained in this Opinion and Order.

Case 3:24-cr-00072-MAJ    Document 106    Filed 07/15/24    Page 3 of 5

Crim. No. 24-cr-0072 (MAJ)                                                                          Page 3

Defendants now argue that the MDLEA is unconstitutional as applied to them, asserting that their alleged conduct occurred "within the territorial waters of a foreign country, by foreign nationals on board a foreign registered vessel." (**ECF No. 75 at 1-2**). This claim, however, stands in contrast to the facts alleged in the Indictment and Complaint (**ECF Nos. 1, 11**), which this Court takes as true for the purposes of resolving a motion to dismiss. *See United States v. Alicea-Curras*, 681 F. Supp. 3d 1, 2 (D.P.R. 2023) (quoting *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015)) ("When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true."). The Indictment unambiguously states that the alleged offenses occurred on the "high seas" multiple times. (**ECF No. 11 at 1-4**). These allegations include in part:

> "on . . . June 16, 2022, on the *high seas*, the defendants herein did knowingly and intentionally commit an offense . . . defined in 46 U.S.C. § 70503"; on the same date, "in the *high seas*," Defendants allegedly violated 46 U.S.C. § 70503(a)(1); and again "on the *high seas*" and "elsewhere" Defendants allegedly violated 46 U.S.C. § 70503(a)(2).

*Id*. (emphasis added). The Complaint further specifies that Defendants' vessel was initially detected "in the *high seas* at approximately 25 Nautical Miles (NM) from Saint Thomas, U.S. Virgin Islands." (**ECF No. 1 at 2**) (emphasis added).

As the Government points out, the Court has reiterated on two occasions—first in *Chalwell* and then in the June 7 Opinion—that a motion to dismiss an indictment cannot proceed when based on disputed facts.[5] *See* (**ECF No. 80 at 3**)*; see also United States v. Berríos-Aquino*, 22-cr-00473, 2024 WL 1468488, at *3 (D.P.R. Apr. 4, 2024) ("a motion

---

[5]       In *United States v. Chalwell*, 2023 WL 6346107, Defendants moved to dismiss the indictment, claiming lack of jurisdiction under the MDLEA as their vessel was allegedly detained in the British Virgin Islands' territorial waters. However, the Court denied the motion to dismiss, highlighting that "the issue presented here [is] a factual dispute as to whether the detention and arrest of the defendant occurred on the high seas or within the territorial waters of the British Virgin Islands." *Id*. Given this dispute over the location of the detention, the Court denied the Motion, noting a "'court must deny a motion to dismiss if the motion relies on disputed facts.'" *Id*. (citing *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018)).

to dismiss an indictment is not a vehicle to resolve factual disputes."). Regarding the

Defendants' previous attempt to dispute the factual allegations about their vessel's alleged

stateless status, the June 7 Opinion stressed:

> Defendants are aware the "problem with [their] argument is that it is not
> properly before the court on a motion to dismiss the indictment." *United
> States v. Chalwell*, 2023 WL 6346107, at \*2. In *Chalwell*, 2023 WL
> 6346107, like here, Defendants are again attempting to raise a factual
> dispute, which the Court need not consider. *See United States v. Rodríguez-
> Rivera*, 918 F.3d 32, 35 (1st Cir. 2019) ("a district court may consider a
> pretrial motion to dismiss an indictment where the government ... does not
> dispute the pertinent facts.") (quoting *United States v. Musso*, 914 F.3d 26,
> 29–30 (1st Cir. 2019)).

(**ECF No. 69 at 18 n. 12**).

Defendants seem to have overlooked that in the Court's previous Opinion and

Order, we analyzed the Government's contention regarding geographic location—made

*in argumentum*—not because the Government suddenly conceded Defendants' version of

geography, but because even if we indulged Defendants' version of events, their Motion

to Dismiss would still fail. (**ECF No. 69**). As we noted then: "the Government argues,

*even if* the arrests occurred within the British Virgin Islands' territorial waters, Coast

Guard action would still be sanctioned under the U.S.-U.K. Agreement, reinforcing the

U.S.'s jurisdictional claim." *Id.* at 14 (emphasis added).

Given these circumstances, the constitutional arguments in Defendants' Second

Motion to Dismiss conflict with the Government's allegations in the charging documents.

(**ECF Nos. 1, 11**). This factual dispute cannot be resolved at the motion to dismiss stage.

*See United States v. Ngige*, 780 F.3d 497 at 502 (affirming district court denial of a

motion to dismiss the indictment where the defendant's argument "rested on factual

disputes left to the factfinder"). Therefore, the Court need not address the merits of

Defendants' constitutional arguments at this time. Accordingly, the Court must **DENY**

Defendants' Second Motion to Dismiss because it relies on disputed facts. *See United States v. Quintana-Cruz*, 22-cr-0417, 2024 WL 2956377, at *2 (D.P.R. June 12, 2024) (quoting *United States v. Stepanets*, 879 F.3d 367 at 372 ("a court must deny a motion to dismiss if the motion relies on disputed facts.").

## III.    CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Second Motion to Dismiss the Indictment because it is predicated on disputed facts best resolved by a jury. (**ECF No. 75**); *see United States v. Díaz-Colón*, 607 F. Supp. 3d 136, 145-146 (D.P.R. 2022) ("A motion to dismiss the indictment is not a trial"; it is the jury's role at trial to "weigh the evidence, determine the credibility of witnesses, and resolve factual disputes.").

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of July, 2024.

**/s/ María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**
