# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *Plaintiff*, v. **AKINDE THOMAS CHALWELL**, *et al*, *Defendants*. | Criminal No. 24-cr-00072 (MAJ) |

## OPINION AND ORDER

### I.   Introduction

On February 28, 2024, a grand jury indicted Akinde Thomas Chalwell, Jerome Nibbs, and Jose Acosta ("Defendants") for various maritime drug trafficking offenses.[1] (**ECF No. 11**). Pending before the Court is the Government's Motion in Limine, which seeks to address two evidentiary issues ahead of trial.[2] (**ECF No. 120**).

First, the Government seeks to preclude the presentation of evidence or argument challenging Defendants' vessel being subject to U.S. jurisdiction under the Maritime Drug Law Enforcement Act ("MDLEA"). (**ECF No. 120 at 9**). Second, the Government requests a pre-trial ruling affirming that the Secretary of State's certification regarding

---

[1] The charges include: conspiracy to possess with intent to distribute cocaine aboard a vessel subject to the jurisdiction of the United States under 46 U.S.C §§ 70503(a)(1) and 70506(b), 21 U.S.C. § 960(b)(1)(B); possession with intent to distribute cocaine aboard a vessel subject to the jurisdiction of the United States under 46 U.S.C. § 70503(a)(1) and 21 U.S.C. § 960(b)(1)(B); and jettisoning property subject to forfeiture under 21 U.S.C. § 881(a) from a vessel subject to the United States, aiding and abetting, under 46 U.S.C. § 70503(a)(2) and 18 U.S.C. § 2. (**ECF No. 11**).
[2] While the Government's Motion is untimely, in the interest of judicial economy and simplifying the issues for trial, the Court addresses the Motion on the merits.

U.S. jurisdiction under the MDLEA is self-authenticating. *Id.* at 11. The Motion is unopposed. For the reasons stated hereafter, the Government's Motion is **GRANTED**.

## II.  Applicable Law and Analysis

"The United States Supreme Court uses the term 'in limine' in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *De Jesús Sánchez v. Taber Partners I, LLC*, 03-cv-1685, 2006 WL 8450441, at *2 (D.P.R. Apr. 3, 2006), *on reconsideration in part sub nom., Sánchez v. Taber Parters I, LLC*, 03-cv-1685, 2006 WL 8450438 (D.P.R. Aug. 10, 2006) (citing *Luce v. U.S.*, 469 U.S. 38, n. 2 (1984)). "Said motion's purpose is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence and as to issues that are definitely set for trial, without lengthy argumentation or interruption[.]" *Id.* (cleaned up). Importantly, "the granting or denying of motions in limine is considered discretionary, and thus will be reversed only for abuse of discretion and showing of prejudice." *Id.* (citing *White v. New Hampshire Dept. of Corrections*, 221 F.3d 254, 262 (1st Cir. 2002)).

Beginning with the Government's first request, the Government argues that any introduction of evidence, questions, commentary, or argumentation suggesting that the vessel in question was not or should not be subject to the jurisdiction of the United States would confuse the jury and should therefore be precluded under Federal Rule of Evidence 403. (**ECF No. 120 at 10**). The Court agrees, albeit, for different reasons.

This Court, on August 12, 2024, issued an Opinion and Order wherein it held that the Government has established MDLEA jurisdiction under 46 U.S.C. § 70502(c)(1). (**ECF No. 156**). Indeed, as the MDLEA expressly states: "Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense.

Jurisdictional issues arising under this chapter are preliminary questions of law to be determined *solely by the trial judge*." 46 U.S.C. § 70504(a) (emphasis added). Put another way, the question of MDLEA jurisdiction is outside the purview of the jury.

In light of this, any evidence, questions, commentary, or argumentation as to MDLEA jurisdiction are not relevant under Federal Rule of Evidence 401, which defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action." Fed. R. Evid. 401. The question of MDLEA jurisdiction is not an element of the offense requiring jury factfinding and deliberation. It is a matter "solely" for the "trial judge" to decide, and this Court has definitively decided the matter. 46 U.S.C. § 70504(a); *see also United States v. Bravo*, 489 F.3d 1, 8 (1st Cir. 2007) ("The Appellants assert that the district court erroneously allowed the jury to hear testimony regarding jurisdiction. We agree. [] The exposure of the jury to the jurisdictional testimony nonetheless was harmless."); *Rivera-Marrero v. Presbyterian Cmty. Hosp.*, 255 F. Supp. 3d 290, 292 (D.P.R. 2017) ("Proffered evidence is not relevant if it does not prove or disprove a matter at issue or does not assist the trier of fact in determining [any] facts necessary to its decision[.]") (internal citations and quotations omitted). Accordingly, it is irrelevant under Federal Rule of Evidence 401.[3]

---

[3] Under Federal Rule of Evidence 403, the Court "may exclude *relevant* evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). Because the Court finds the evidence is not relevant, Federal Rule of Evidence 403 is inapplicable. To the extent it was applicable, the Court agrees with the Government that introducing said arguments or evidence will likely confuse the jury as to the issues before it, and could cause undue delay. As mentioned, the Court has already conclusively determined that the Government has established MDLEA jurisdiction. There is no reason for this issue to be raised before the jury.

The Court thus also grants the Government's corresponding request that it instruct the jury that the Defendants' vessel is subject to the jurisdiction of the United States. *See United States v. Vilches-Navarrete*, 523 F.3d 1, 12 (1st Cir. 2008) ("The district court correctly instructed the jury that the '[j]urisdiction of the United States with respect to vessels subject to this chapter is not an element of any offense.' [] In its jury instruction, the district court plainly said: 'I'm instructing you that as a matter of law the motor vessel *Babouth* was subject to the jurisdiction of the United States.' This was a correct statement of the law.") (internal citation omitted).

Moving to the Government's second request, it moves the Court for a pretrial ruling that the certification by the Secretary of State authorizing the United States to enforce its laws against the crew members is self-authenticating. (**ECF No. 120 at 11**). The Government cites to Federal Rule of Criminal Procedure 27 in support, which states that "[a] party may prove an official record, an entry in such a record, or the lack of a record or entry in the same manner as in a civil action." Fed. R. Crim. P. 27. Under Federal Rule of Civil Procedure 44(a)(1)(B)(ii), domestic records can be proven by:

> a copy attested by the officer with legal custody of the record—or by the officer's deputy—and accompanied by a certificate that the officer has custody. The certificate must be made under seal: by any public officer with a seal of office and with official duties in the district or political subdivision where the record is kept.

Fed. R. Civ. P. 44(a)(1)(B)(ii). The Government states that the Certificate "is [a] sealed and signed document by the designated official of the Secretary of State to make certifications pursuant to the MDLEA." (**ECF No. 120 at 12**). A review of the Certificate

reveals the same.[4] (**ECF No. 33-1**). Accordingly, the Government's request that this document be deemed self-authenticating is **GRANTED**.

### III. Conclusion

Accordingly, the Court finds that evidence and argumentation as to MDLEA jurisdiction should be precluded at trial because the question of MDLEA jurisdiction is outside the purview of the jury and therefore not properly before them. The Court also finds—for the reasons stated above—that the Secretary of State Certification in this case is self-authenticating. The Government's Motion in Limine is therefore **GRANTED**. (**ECF No. 120**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of August, 2024.

        */s/ María Antongiorgi-Jordán*
        **MARIA ANTONGIORGI-JORDAN**
        **UNITED STATES DISTRICT JUDGE**

---

[4] As previously determined, Defendants lack standing to contest the contents of the certificate regardless. *See* (**ECF No. 69**). The U.S. Coast Guard contacted the appropriate authority in seeking authorization to exercise its jurisdiction, and as such, the certificate is valid. *See United States v. Cardales-Luna*, 632 F.3d 731, 737 (1st Cir. 2011) ("Under the current statute, the Secretary of State (or her designee) need only certify that the 'foreign nation' where the vessel is registered 'has consented or waived objection to the enforcement of the United States law by the United States. Such certification is 'conclusive' and any further question about its legitimacy is 'a question of international law that can be raised only by the foreign nation.") (internal citations omitted) (cleaned up).